THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL TYSON, Defendant-Appellant.

Third District    No. 3—90—0815

Opinion filed October 7, 1991.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Michael Tyson, pled guilty to unlawful possession of more than 1 but less than 15 grams of a substance containing cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)). The trial court sentenced him to a 24-month term of probation, conditioned upon his serving 60 days in jail and paying a street value fine of $3,380. The defendant appeals, arguing that the street value fine must be vacated and the cause remanded for a hearing to determine the appropriate amount of the fine.

Regarding the street value of the cocaine, the record shows the following. Officer William Lambert testified that when he arrested the defendant on an outstanding warrant, he found seven packets of a white·powdery substance on him, plus $2,189 in cash. All of the packets appeared to have the same amount of powder in them. Lambert estimated, without having actually weighed the powder, that it totalled "[s]omewhere in excess of ten to fifteen grams." He acknowledged that only one of the packets was actually tested in a crime lab. The assistant State's Attorney handling the case stated during arguments that he understood the packets were worth $350 each. Finally, in a complaint for forfeiture of the $2,189, the State

alleged that six of the packets weighed between one-fourth and one-eighth of a gram each. No weight was given for the seventh packet.

On appeal, the defendant argues that there was insufficient evidence from which the court could determine the value of the cocaine; that the prosecutor's statement concerning the value of the cocaine was grossly excessive; that even if it was not excessive, the fine should only be $2,450 (7 x $350); and that the defendant is entitled to an $85 credit for time served prior to sentencing. The State responds that the defendant has waived his right to object to his fine; that there was sufficient evidence to support the imposition of the fine; and that even if the fine was above the actual value of the cocaine, the relevant statute allows a fine in excess of the actual value. The State concedes that the defendant is entitled to credit for time served prior to sentencing.

■■ Regarding the waiver argument, we note that in his motion for reconsideration of his sentence, the defendant argued that the evidence presented at the sentencing hearing did not warrant a fine of $3,380. We therefore find that he sufficiently preserved this issue for appeal.

On the merits, we note that section 5—9—1.1 of the Unified Code of Corrections provides that the street value of the illegal substance seized "shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substance seized." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1.1.) In *People v. Lusietto* (1989), 131 Ill. 2d 51, 544 N.E.2d 785, the supreme court stated that it is not unreasonable for a trial court to accept the testimony of a narcotics officer as to the street value of drugs seized, if the officer has sufficient special knowledge and familiarity with the controlled substance to assist the court in determining the proper fine. The court further noted that the opinion of the officer must be reasonable in light of all the evidence. In *People v. Sedrel* (1989), 184 Ill. App. 3d 1078, 540 N.E.2d 792, this court stated that to impose a fine commensurate with the value of the cocaine seized, it is imperative that the substance seized be conclusively established to be cocaine.

■■ In the instant case, Officer Lambert offered what under the circumstances can only be termed a wild guess regarding the amount of cocaine seized. He opined that the defendant had 10 to 15 grams. However, this was contradicted by the forfeiture complaint, which alleged the defendant had six packets weighing be-

tween one-eighth and one-fourth of a gram each, plus a seventh packet of unstated weight. Further, Lambert stated that all of the packets appeared to contain the same amount of substance.

The only other evidence was the prosecutor's unsupported "understanding" that the cocaine was worth $350 per packet. Not only does that figure appear extremely inflated, but there was no evidence that six of the packets even contained cocaine.

The amount of evidence necessary to adequately establish the street value of a given drug obviously varies from case to case. Clearly, though, the legislature and the supreme court intended for the sentencing court to have some concrete, evidentiary basis for the fine imposed. A court may not simply pull a figure out of the air. As such, the State's contention that courts may set fines above the actual value of the illegal substance is irrelevant. Even if that is true, the court is still required to legitimately establish the value of the substance in the first place.

We therefore find it necessary to vacate the street value fine and remand the cause for a new hearing. The State concedes that the defendant is entitled to a $5-per-day credit for the time he served prior to his conviction. (Ill. Rev. Stat. 1989, ch. 38, par. 110—14.) We agree and therefore instruct the sentencing court to reduce whatever fine it imposes by $85.

The order of the circuit court of Rock Island County fining the defendant $3,380 is vacated, and the cause is remanded for further proceedings consistent with this opinion. The remainder of the judgment is affirmed.

Affirmed in part; vacated and remanded in part.

BARRY and McCUSKEY, JJ., concur.