THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIGUEL A. OTERO, JR., Defendant-Appellant.

Second District     No. 2—93—0197

Opinion filed June 10, 1994.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Lisa Anne Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

After a bench trial in the circuit court of Lake County, defendant, Miguel A. Otero, Jr., was found guilty of one count each of the possession of less than 15 grams of a substance containing cocaine (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1402(c) (now 720 ILCS 570/402(c) (West 1992))) and the possession of less than 15 grams of a substance containing cocaine with the intent to deliver (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1401(c)(2) (now 720 ILCS 570/401(c)(2) (West 1992))). The trial court entered judgment on the latter conviction only.

The court sentenced defendant to five years' imprisonment and imposed a $200 street-value fine (Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1.1 (now 730 ILCS 5/5—9—1.1 (West 1992))), a $50 laboratory fee (Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1.4(b) (now 730 ILCS 5/5—9—1.4(b) (West 1992))), and a $2,000 statutory assessment (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1411.2(a)(2) (now 720 ILCS 570/411.2(a)(2) (West 1992))). On appeal, defendant argues that (1) the street-value fine must be vacated because there was no evidence regarding the street value of the cocaine that the arresting officers seized from him; and (2) he is entitled to a $10 credit against his fines for the two days he was incarcerated before posting bond.

The evidence at trial revealed that Waukegan police officers arrested defendant after receiving an anonymous tip that a person matching defendant's description was selling drugs in a particular area and after observing defendant engage in three suspicious

transactions in that same area. The officers searched defendant and found nine "bindles," *i.e.*, small, folded, paper squares, containing a white powdery substance. Laboratory tests revealed that the substance contained cocaine. The State admitted into evidence a report from the Northern Illinois Crime Laboratory. This report stated that the cocaine seized from defendant weighed 1.34 grams.

At the sentencing hearing the assistant State's Attorney "summarized" the trial evidence. She stated that the cocaine seized from defendant weighed 1.34 grams. She also stated that she believed there was testimony that the street value of this cocaine was approximately $200. The trial court accepted these representations and imposed a $200 street-value fine. The State concedes that the assistant State's Attorney's statement was incorrect and that there was no evidence regarding the street value of the cocaine.

Defendant argues that, because there was no evidence regarding the street value of the cocaine, the cause must be remanded for a new hearing so that the trial court may hear such evidence. Defendant did not object to the amount of the fine at the time the trial court imposed it and did not raise this issue in his motion to reconsider the sentence. Because defendant raised no objection in the trial court to the amount of the street-value fine, he has waived this issue on appeal. See *People v. Brown* (1993), 242 Ill. App. 3d 465, 467.

Defendant urges us to address this issue under the plain-error doctrine. Defendant correctly notes that there is a more compelling rationale for reviewing the street-value fine here than there was in *Brown*. In *Brown*, the defendant claimed only that the street-value fine was excessive. Here, by contrast, defendant claims that the trial court may not impose a street-value fine when there is no evidentiary basis for the fine, and that the trial court based its determination upon misinformation supplied by the State.

The prosecuting attorney incorrectly stated there was testimony at trial that the street value of the cocaine was approximately $200. Therefore, the fine is based on potentially inaccurate information. It is well settled that the due process clause prohibits a court from basing a sentence on inaccurate information. (*United States v. Tucker* (1972), 404 U.S. 443, 447, 30 L. Ed. 2d 592, 596, 92 S. Ct. 589, 592.) Because the alleged error implicates the substantial rights of defendant and potentially deprived him of a fair sentencing hearing on the fine issue, we choose to address this issue pursuant to the plain-error doctrine. 134 Ill. 2d R. 615(a); *People v. Hampton* (1992), 149 Ill. 2d 71, 100.

The statutory provision at issue reads:

"When a person has been adjudged guilty of a drug related

offense involving possession or delivery of \*\*\* a controlled substance as defined in \*\*\* the Illinois Controlled Substances Act, \*\*\* in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized.

'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the \*\*\* controlled substance seized." Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1.1 (now 730 ILCS 5/5—9—1.1 (West 1992)).

Defendant urges us to adopt the reasoning of *People v. Tyson* (1991), 221 Ill. App. 3d 256. There, the arresting officer testified that he recovered from the defendant seven packets of cocaine. He estimated the total weight of the cocaine as "[s]omewhere in excess of ten to fifteen grams." (*Tyson*, 221 Ill. App. 3d at 257.) During closing arguments, the prosecutor stated that it was his understanding that each packet was worth $350.

The Appellate Court, Third District, held that the evidence was insufficient to establish the street value of the cocaine and remanded the cause for a new hearing. (*Tyson*, 221 Ill. App. 3d at 259.) It concluded that "[a] court may not simply pull a figure out of the air." (*Tyson*, 221 Ill. App. 3d at 259.) Instead, there must be a concrete evidentiary basis for the fine imposed. *Tyson*, 221 Ill. App. 3d at 259.

The State notes that, unlike the third district (see *People v. Beavers* (1986), 141 Ill. App. 3d 790, 796), this court has interpreted the statute as allowing the sentencing court to impose a fine that is greater than the actual street value. The State argues that, in light of this, the $200 fine at issue here is valid even if the actual street value of the cocaine is less than $200. Therefore, it is unnecessary to remand the cause for another hearing.

We have repeatedly held that, because the statute requires only that the court impose a fine "not less than the full street value" of the controlled substance seized, it mandates only a *minimum* street-value fine. (*People v. Maldonado* (1992), 224 Ill. App. 3d 913, 918; *People v. Garcia* (1991), 217 Ill. App. 3d 350, 351.) Therefore, as long as the trial court imposes a fine that is not less than the lowest street value evidenced, it has complied with the statute's mandate. *Maldonado*, 224 Ill. App. 3d at 918; *Garcia*, 217 Ill. App. 3d at 352.

We do not agree with the State's contention that *Maldonado* and related cases allow the trial court to dispense with hearing any evidence regarding the street value of the seized controlled substances. Because these cases require a determination of whether the fine is

less than the lowest street value *evidenced*, they rest on the assumption that the trial court has heard some evidence of the substance's street value. (See *Maldonado*, 224 Ill. App. 3d at 917-18 (trial court imposed $5,600 fine where only testimony regarding street value was that defendant and undercover officer agreed on a sale price of $2,700); *People v. Pehrson* (1989), 190 Ill. App. 3d 928, 932-33 (trial court imposed $1,000 fine where parties stipulated that street value of cocaine was $180).) Where, as here, there is no evidence of the cocaine's street value, it is impossible to determine whether the trial court has complied with the statute's mandate.

Moreover, to extend *Maldonado* in the manner that the State suggests would frustrate the legislature's apparent purpose in enacting the statute. To determine the legislative intent, a court should first consider the statutory language, and, where the language is clear, it will be given effect without resort to other aids for construction. (*People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.) The second paragraph of the statute provides that street value "shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substance seized." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1.1 (now 730 ILCS 5/5—9—1.1 (West 1992)).) This sentence clearly contemplates that there be evidence of both the amount seized and the value of that particular amount of drugs.

As our supreme court recently explained, considering that the obvious purpose of the mandatory street-value fine is to discourage and impede the illegal buying, selling and using of drugs, the proper standard of valuation is that which would approximate the profit an offender would realize from the sale of the drug at its full street value. (*People v. Lusietto* (1989), 131 Ill. 2d 51, 55-56.) Adopting the State's interpretation would eliminate any inquiry into the street value of the seized substance. Statutes should be construed so that language is not rendered meaningless or superfluous. (*People v. Singleton* (1984), 103 Ill. 2d 339, 345.) The legislature intended that the court hear evidence of the substance's street value, and we decline to adopt an interpretation of section 5—9—1.1 that would render the second paragraph of that section meaningless.

The State claims, however, that section 5—9—1.1 does not require any minimum or specific testimony regarding street value. According to the State, this is because the statute requires only "such testimony as may be required by the court as to the current street value." Therefore, a court may choose not to hear evidence about the street value of the seized substance.

Assuming *arguendo* that the State's interpretation is correct, nevertheless, there has not been compliance with the statute. *Lusietto* and *Maldonado* contemplate that the current street value of the seized substance be the starting point for determining the appropriate fine. Therefore, if the court were to decide that it need not hear evidence of the street value, it still must have some basis for setting the fine so that it may be determined whether there has been compliance with the statute. For example, under the State's interpretation, the trial court may decide that it has sufficient knowledge of the current "market value" of a particular controlled substance because of the experience it has gained while presiding over cases involving that substance. The court would then decline to hear evidence of the street value and impose a fine that is not less than that "market value."

■ Here, however, there is nothing in the record indicating that the $200 fine was based on a sound determination of the street value of the 1.34 grams of cocaine seized from defendant. The trial court merely accepted the assistant State's Attorney's erroneous statement that there was testimony that the street value of the cocaine was approximately $200. We agree with *Tyson* that, even if the court may impose a fine greater than the actual value of the illegal substance, the legislature nevertheless intended for the sentencing court to have some concrete evidentiary basis for the fine. (*Tyson*, 221 Ill. App. 3d at 259.) We also recognize, however, that the trial court need not hold a full-blown evidentiary hearing in each case. For example, we do not read section 5—9—1.4 as prohibiting the parties from stipulating to the street value of the drugs. Similarly, the trial court might in some circumstances be justified in adopting reliable evidence from the trial testimony as a basis for determining value. Because the only basis for the instant fine was an incorrect statement by the assistant State's Attorney, we must vacate the $200 street-value fine and remand the cause for a hearing to determine the appropriate street-value fine to impose.

■ The defendant also argues that he is entitled to have a $5-per-day credit applied against his fines for the two days he spent incarcerated before being released on bond. The State agrees that defendant is entitled to such a credit. (See Ill. Rev. Stat. 1991, ch. 38, par. 110—14 (now 725 ILCS 5/110—14 (West 1992)); *People v. Plante* (1993), 253 Ill. App. 3d 472, 474-75.) This credit may be applied against either the $2,000 statutory assessment (*Brown*, 242 Ill. App. 3d at 466) or the street-value fine (*People v. Joseph* (1988), 176 Ill. App. 3d 636, 642), but not both (*People v. Sinnott* (1992), 226 Ill. App. 3d 923, 936).

Accordingly, the $200 street-value fine is vacated and the cause is

remanded for a hearing to determine the appropriate street-value fine. The circuit court is directed to apply the $10 credit against one of the fines. The circuit court's judgment is affirmed in all other respects.

Affirmed in part; vacated in part and remanded with directions.

COLWELL and PECCARELLI, JJ., concur.