THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN WILLIE JOLLY, Defendant-Appellant.

Fourth District   No. 4—03—0501

Opinion filed June 15, 2005.

Daniel D. Yuhas and Catherine K. Hart, both of State Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Ewick, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:
In October 2002, defendant, John Willie Jolly, pleaded guilty to

delivery of a controlled substance (less than one gram of a substance containing cocaine) (720 ILCS 570/401(d) (West 2002)), and the trial court later sentenced him to 10 years in prison. The court additionally imposed various fines and costs, including a $100 street-value fine.

Defendant appeals, arguing only that the street-value fine must be vacated because the trial court made no specific findings as to its basis. We conclude that this argument has been procedurally forfeited, and, accordingly, we affirm.

## I. BACKGROUND

In July 2002, the State charged defendant with delivery of a controlled substance (count II), the charge to which he later pleaded guilty, and criminal drug conspiracy (cocaine) (720 ILCS 570/405.1(a) (West 2002)) (count I). On the second day of defendant's October 2002 jury trial, he pleaded guilty to count II in exchange for the State's dismissal of count I. The parties had no agreement as to a sentence they would recommend to the trial court. In December 2002, the court sentenced defendant to 10 years in prison and imposed various fines and costs. One of those fines was a $100 street-value fine, apparently imposed pursuant to section 5—9—1.1(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—9—1.1(a) (West 2002)).

In January 2003, defendant *pro se* filed a motion for reduction of sentence. Later in January 2003, through new counsel, defendant filed a motion to withdraw his guilty plea and vacate the judgment. That motion alleged that (1) defendant's original counsel was ineffective because he "failed to sufficiently attack the credibility of the State's witnesses"; and (2) because of this ineffective assistance, "defendant had no choice but to enter a [guilty] plea to avoid a conviction on count I."

In April 2003, defendant's new counsel filed (1) his certificate pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) and (2) an amended motion to withdraw the guilty plea and vacate the judgment. That motion reasserted defendant's ineffective-assistance-of-counsel claim regarding his first trial counsel. Later in April 2003, the trial court denied the motion to reconsider sentence.

In May 2003, defendant *pro se* purported to file a motion to amend the motion to withdraw his guilty plea, asserting additional grounds regarding his initial trial counsel's ineffectiveness. Later in May 2003, the trial court denied defendant's motion to withdraw his guilty plea.

None of the post-guilty-plea motions defendant filed (either *pro se* or through counsel) referred to either his prison sentence or fines.

This appeal followed.

## II. THE STREET-VALUE FINE

Defendant argues that this court must vacate the $100 street-

value fine because the trial court failed to make necessary findings before imposing the fine. Specifically, defendant contends that the court did not comply with section 5—9—1.1(a) of the Unified Code, requiring the court to impose street-value fines, because street value under that section must be "determined by the court on the basis of testimony of law[-]enforcement personnel and the defendant as to the amount seized," and this record contains no such determination. 730 ILCS 5/5—9—1.1(a) (West 2002). For the reasons that follow, we conclude that defendant has forfeited his right to raise this issue on appeal.

The trial court in this case imposed the street-value fine after accepting defendant's guilty plea. Defendant subsequently filed both a motion to reduce his sentence and a motion to withdraw his guilty plea, but in none of those motions (or their later-amended versions) did he challenge the court's imposition of a $100 street-value fine. Supreme Court Rule 604(d), in pertinent part, states: "Upon appeal[,] any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 188 Ill. 2d R. 604(d). In *People v. Witte*, 317 Ill. App. 3d 959, 962, 740 N.E.2d 834, 836-37 (2000), this court followed Rule 604(d) when we rejected the defendant's argument concerning the amount of restitution the trial court ordered him to pay after he pleaded guilty to deceptive practices. We concluded that because the defendant had failed to raise the restitution issue in his motion to reconsider sentence, he had forfeited the right to appeal the trial court's restitution order. *Witte*, 317 Ill. App. 3d at 962, 740 N.E.2d at 837. The same analysis applies to defendant's appeal.

In support of his argument, defendant cites *People v. Spencer*, 347 Ill. App. 3d 483, 487-88, 807 N.E.2d 1228, 1232 (2004), *People v. Simpson*, 272 Ill. App. 3d 63, 65-66, 650 N.E.2d 265, 266-67 (1995), and *People v. Otero*, 263 Ill. App. 3d 282, 287, 635 N.E.2d 1073, 1076-77 (1994). In each of these cases, the appellate court vacated a street-value fine, even though, as here, the defendant did not object when the trial court imposed it. *Spencer*, *Simpson*, and *Otero* are inapposite because they each involved street-value fines imposed after trial, not after a guilty plea. Accordingly, Rule 604(d) did not apply to any of them; however, it does apply to the present case.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK, P.J., and McCULLOUGH, J., concur.