THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LYNETTE L. McCREARY, Defendant-Appellant.

Second District No. 2—07—1047

Opinion filed August 4, 2009.

Thomas A. Lilien and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

In this appeal, defendant, Lynette L. McCreary, takes issue with her street-value fine, her monetary sentencing credit, and her days of sentencing credit. We affirm as modified.

Defendant was indicted for unlawful possession of a controlled substance with the intent to deliver within 1,000 feet of a school (720 ILCS 570/407(b)(1) (West 2004)) and driving while her driving privileges were revoked (625 ILCS 5/6—303(a), (d) (West 2004)). Although both offenses were committed on January 21, 2005, the "Mittimus [for] Failure to Give Bail," which commanded the sheriff of Du Page County to take defendant into custody, is dated January 22, 2005. On February 3, 2005, defendant posted bond.

Defendant entered an open plea of guilty to both charges on June 2, 2006. The factual basis for defendant's plea revealed that the police went to defendant's apartment on January 21, 2005, at 8:30 a.m. to execute a search warrant. Once at the apartment complex, the police saw defendant, whose driving privileges had been revoked, driving away. Defendant was stopped, and, subsequently, her apartment was searched. The police found 15 grams of cocaine and drug paraphernalia in defendant's home. Defendant was then questioned at 9:20 a.m. After she was advised of her *Miranda* rights, she advised the police that every week she buys one ounce of cocaine for $700. She then splits that one ounce into smaller bags and sells each bag for $20, $40, or $100. Defendant told the police that, by doing so, she makes a $500 profit. Defendant's interview with the police ended at 10:32 a.m. The trial court accepted defendant's guilty plea, finding it knowingly and voluntarily entered and supported by a factual basis.

At the sentencing hearing, the officer who interviewed defendant testified about defendant's drug-selling business. Specifically, defendant told the officer that she had five or six customers to whom she sold cocaine. Defendant indicated that she would buy one ounce of cocaine for $700, sell it in smaller quantities, and make a $500 profit. The officer further intimated that defendant was arrested on January 21, 2005, following the interview.

During closing arguments, the State claimed that defendant was entitled to 13 days of sentencing credit and that the court should impose a $1,500 street-value fine. Defense counsel did not object. The trial court convicted defendant of both offenses; sentenced her to 12 years' imprisonment on the drug charge; ordered defendant to pay a $1,500 street-value fine; gave her 13 days of credit for time served; and ordered that she receive "$5 credit per day for 13 days already actually served," which is a monetary credit of $65.

Although defendant moved to reconsider, she did not take issue with her street-value fine, her monetary credit for days served, or her days of sentencing credit. The trial court denied the motion, defendant appealed, and this court remanded the cause for counsel to file a certificate in compliance with Supreme Court Rule 604(d) (210 Ill. 2d

R. 604(d)). *People v. McCreary*, No. 2—06—0873 (2007) (unpublished order under Supreme Court Rule 23). Although defendant's counsel filed the proper certificate, a new attorney subsequently appeared on defendant's behalf and filed a new motion to reconsider. Like in the previously filed motion to reconsider, defendant did not challenge her street-value fine, her monetary credit for days served, or her days of sentencing credit. The trial court denied the motion, and this timely appeal followed.

On appeal, defendant challenges her $1,500 street-value fine, her monetary credit for time served, and the 13 days of sentencing credit she received. We first consider whether the imposition of the street-value fine was proper.

The State argues that defendant has forfeited the street-value fine issues she raises on appeal, because defendant neither objected to the imposition of the fine at sentencing nor raised the issue in her motion to reconsider her sentence. In making this argument, the State cites *People v. Jolly*, 357 Ill. App. 3d 884 (2005). In *Jolly*, the defendant agreed to plead guilty to delivery of a controlled substance, in exchange for the State's dismissing the other count brought against him. *Jolly*, 357 Ill. App. 3d at 885. No agreement was made as to the sentence the trial court could impose. *Jolly*, 357 Ill. App. 3d at 885. The trial court sentenced the defendant to 10 years' imprisonment and imposed a $100 street-value fine. *Jolly*, 357 Ill. App. 3d at 885. The defendant subsequently filed various postplea motions; however, he never argued in any of these motions that his street-value fine was improper. *Jolly*, 357 Ill. App. 3d at 885. Rather, the defendant challenged his street-value fine for the first time on appeal. *Jolly*, 357 Ill. App. 3d at 885-86.

The Appellate Court, Fourth District, concluded that, because the defendant pleaded guilty to the offense that resulted in the imposition of a street-value fine, Rule 604(d) applied. *Jolly*, 357 Ill. App. 3d at 886. Thus, as the defendant failed to take issue with the street-value fine in the trial court, he forfeited his right to challenge the street-value fine on appeal. *Jolly*, 357 Ill. App. 3d at 886. In determining that the issue was forfeited, the court refused to follow those cases that addressed, under the plain-error rule, unpreserved claims that a street-value fine was improper. *Jolly*, 357 Ill. App. 3d at 886. The *Jolly* court found those cases distinguishable, because they involved street-value fines that were imposed following trials, and, thus, Rule 604(d) had no application. *Jolly*, 357 Ill. App. 3d at 886.

■ We see a fatal flaw with *Jolly* in that *Jolly* suggests that, if a defendant pleads guilty, the plain-error rule does not allow a reviewing court to consider unpreserved arguments raised on appeal. We see no reason why, when it comes to reviewing an unpreserved claim that a

street-value fine was improperly imposed, a defendant who pleaded guilty should be treated any differently than a defendant who was found guilty following a trial.

A defendant who is found guilty following a trial and who fails to preserve an issue he raises on appeal may nevertheless have his claim addressed on appeal if the issue he raises amounts to plain error. *People v. Enoch*, 122 Ill. 2d 176, 190 (1988). Our supreme court reached this conclusion in *Enoch* after examining Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). That rule provides that plain errors or defects affecting substantial rights may be reviewed on appeal even when those errors were not brought to the attention of the trial court. 134 Ill. 2d R. 615(a). Nowhere in Rule 615(a) does it indicate that it does not apply to defendants who plead guilty, and we will not so limit the rule. Thus, we consider whether imposition of the $1,500 street-value fine amounted to plain error.

Unpreserved errors may be considered under the plain-error rule "when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). In determining whether the plain-error rule applies, we consider the substance of the defendant's argument to determine whether error occurred at all. *People v. Naylor*, 229 Ill. 2d 584, 593 (2008).

Defendant advances two arguments as to why the street-value fine is improper. She claims that (1) there is no evidentiary basis for any street-value fine; and (2) even if there is some basis to support a fine, the amount should be much less than $1,500. Because defendant's arguments do not require us to consider the trial court's reasoning behind imposing the street-value fine, our review is *de novo*. *Chicago Title & Trust v. Village of Inverness*, 315 Ill. App. 3d 1100, 1107 (2000) (when issue raised does not require reviewing court to defer to trial court's reasoning, appellate court reviews issue *de novo*).

■ In addressing these arguments, we examine section 5—9—1.1(a) of the Unified Code of Corrections (730 ILCS 5/5—9—1.1(a) (West 2006)), which provides:

"When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance *** as defined in the Cannabis Control Act [or] the Illinois Controlled Substances Act *** in addition to any other penalty imposed, a fine shall be levied by the

court at not less than the full street value of the cannabis or controlled substances seized.

'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the cannabis or controlled substance seized."

█ First, we consider whether there was evidentiary support for the imposition of a street-value fine. In resolving that issue, we find instructive *People v. Otero*, 263 Ill. App. 3d 282 (1994). In *Otero*, the record contained no evidence of the street value of the cocaine upon which the defendant's conviction was based. However, the prosecutor incorrectly stated that there was testimony that the street value was $200. Based on that incorrect statement, the trial court imposed a $200 street-value fine. Although the defendant had not properly preserved the error, this court chose to address it under the plain-error rule, reasoning that the fine was "based on potentially inaccurate information." *Otero*, 263 Ill. App. 3d at 284. Observing that "the due process clause prohibits a court from basing a sentence on inaccurate information," we concluded that "the alleged error implicates the substantial rights of defendant and potentially deprived him of a fair sentencing hearing on the fine issue." *Otero*, 263 Ill. App. 3d at 284.

Here, evidence presented at the guilty plea proceeding and at the sentencing hearing revealed that defendant would buy an ounce of cocaine for $700, that she would divide the cocaine into smaller amounts, and that she would sell the cocaine for a $500 profit. At the guilty plea proceeding, it was further revealed that the police found 15 grams of cocaine in defendant's apartment and that defendant would divide the ounce of cocaine she bought weekly into bags she would sell for $20, $40, and $100 each. Because the price at which a defendant sells drugs is sufficient to establish the street value of the drugs (see *People v. Taliferro*, 166 Ill. App. 3d 861, 862, 866 (1988)), we cannot conclude that there was no evidentiary support for a street-value fine.[1]

---

[1]Recently, in *People v. Lewis*, 234 Ill. 2d 32, 46 (2009), the supreme court determined that the trial court erred in imposing a $100 street-value fine where it had no evidentiary basis for the current street value of the controlled substances involved. The court stated that the evidentiary basis may be provided by testimony at sentencing, a stipulation to the current value, or reliable evidence presented at a previous stage of the proceedings. *Lewis*, 234 Ill. 2d at 45. The court went on to apply the plain-error doctrine and remanded the cause for imposition of a new fine based on evidence of the street value of the controlled substance.

Defendant also argues, however, that the street-value fine was erroneous because there was no evidence to establish that the drugs were worth $1,500. As the evidence disclosed, defendant made $1,200 from selling one ounce of cocaine. When the police searched defendant's apartment, they found 15 grams of cocaine, which is equal to 0.529109 ounces. Given that there are 28.3495231 grams in one ounce, each gram of the cocaine was worth approximately $42.33. Thus, the 15 grams found in defendant's apartment had a value of $634.95. Nevertheless, imposition of a $1,500 street-value fine was proper, as it was more than the value of the drugs seized. As this court noted in *Otero*:

> "We have repeatedly held that, because the statute requires only that the court impose a fine 'not less than the full street value' of the controlled substance seized, it mandates only a *minimum* street-value fine. [Citations.] Therefore, as long as the trial court imposes a fine that is not less than the lowest street value evidenced, it has complied with the statute's mandate." (Emphasis in original.) *Otero*, 263 Ill. App. 3d at 285.

Consequently, imposing a street-value fine of $1,500, which was more than the drugs were worth, was not error, let alone plain error. See *Naylor*, 229 Ill. 2d at 602 ("'[a]bsent reversible error, there can be no plain error'").

■ Having determined that imposition of a $1,500 street-value fine was proper, we next consider whether defendant is entitled to an additional day of credit and, thus, an additional $5 of credit against her fine. Even though defendant failed to take issue with these credits in the trial court, we may consider the arguments on appeal. See *People v. Woodard*, 175 Ill. 2d 435, 456-57 (1997). We review *de novo* whether defendant is entitled to an additional day of credit and whether she should receive an extra $5 credit toward her fine, as, like the street-value fine arguments defendant raised, neither issue requires us to defer to the trial court's reasoning. *Chicago Title & Trust*, 315 Ill. App. 3d at 1107.

A defendant is entitled to credit against his sentence for each day or part of a day spent in jail prior to the imposition of sentence. 730 ILCS 5/5—8—7(b) (West 2006); *People v. Whitmore*, 313 Ill. App. 3d 117, 120 (2000). Section 110—14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14(a) (West 2006)) provides, in pertinent part, that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant."

The State concedes that defendant is entitled to the credit she claims, *i.e.*, both an additional day of sentencing credit and a credit of an additional $5 toward her fine. The record supports the conclusion that defendant was in custody for 14 days, from January 21, 2005, to February 3, 2005. Accordingly, pursuant to our powers under Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), we modify the mittimus to reflect a credit of $70 toward defendant's fine and 14 days of credit for the time defendant served in custody before she was sentenced.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County as modified to reflect a $70 credit and 14 days of credit for time served.

Affirmed as modified.

HUTCHINSON and JORGENSEN, JJ., concur.