# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Nelson*, 2013 IL App (3d) 110581

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH L. NELSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0581 |
| Filed | April 10, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction and sentence for unlawful possession of a controlled substance with intent to deliver were upheld, but the trial court's imposition of a street value fine without hearing evidence of the street value of the substance involved was reversed and the cause was remanded, notwithstanding the State's contention that defendant remained silent when the State asserted that the street value was $600, since defendant's silence prior to the entry of a judgment of conviction did not amount to a stipulation to the street value. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-CF-2965; the Hon. Sarah-Marie Jones, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on Appeal

Fletcher P. Hamill, of State Appellate Defender's Office, of Elgin, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.

Presiding Justice Wright and Justice McDade concurred in the judgment and opinion.

## OPINION

¶ 1 Defendant, Joseph L. Nelson, pled guilty to unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2008)) and was sentenced to probation. The sentencing order included a $600 street value fine. Defendant appeals his sentence, arguing that the trial court committed plain error when it assessed a street value fine without a sufficient evidentiary basis. We remand the cause to the trial court for a proper determination of the street value fine.

¶ 2 FACTS

¶ 3 Defendant was charged with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2008)). Thereafter, the parties reached a plea agreement under which defendant agreed to plead guilty if the State reduced the charge from a Class 1 to a Class 2 felony. There was no agreement as to defendant's sentence. The trial court accepted the plea deal.

¶ 4 The cause proceeded to a sentencing hearing. During the hearing, the trial court asked the prosecutor, "Do you have a street value fine order *** ready?" The prosecutor responded, "I would have to–I am going to add that up." A few moments later the prosecutor told the court, "I have a street value fine of $600." Defendant did not respond to the State's value, and no evidence was presented to support it. Defendant was sentenced to 48 months of probation and ordered to pay a $600 street value fine. Defendant appeals.

¶ 5 ANALYSIS

¶ 6 Defendant argues that the trial court erred when it assessed a $600 street value fine without taking evidence of the actual street value of the drugs. Initially, we note that defendant failed to object to the fine or raise the issue in a posttrial motion. Therefore, the

-2-

issue cannot be considered unless the plain error doctrine applies. Ill. S. Ct. R. 615(a). The plain error doctrine bypasses forfeiture principles and allows a reviewing court to consider unpreserved error when: (1) the evidence is close, regardless of the seriousness of the error; or (2) the error is serious, regardless of the closeness of the evidence. *People v. Adams*, 2012 IL 111168.

¶ 7        In *People v. Lewis*, 234 Ill. 2d 32 (2009), the Illinois Supreme Court expressly held the plain error doctrine applies when a trial court imposes a street value fine without a proper evidentiary basis of the value of the controlled substance. The *Lewis* court noted that an evidentiary basis may be provided by testimony at sentencing, a stipulation to the current value, or reliable evidence presented at a previous stage of the proceedings. *Id.* Under *Lewis*, if we find the absence of a proper evidentiary basis, we must conclude that the plain error doctrine applies and remand the cause for a new calculation of the street value fine. *Id.*

¶ 8        In this case, it is undisputed that the circuit court did not hear any evidence regarding the street value; however, the State contends that a proper evidentiary basis was established when it asserted that the street value was $600 and defendant remained silent. The State claims that such silence by defendant amounted to a stipulation by silence.

¶ 9        In *People v. Blankenship*, 406 Ill. App. 3d 578 (2010), the Second District of the Appellate Court concluded that the defendant had stipulated by silence when the trial court asked both parties for their input on the street value fine, and defendant remained silent after the State offered its opinion. While we note that this case is distinguishable in that the trial court here asked only the State for its opinion, we disagree with *Blankenship*'s ultimate conclusion that a defendant's silence, when the State offers an opinion on the street value, can amount to a stipulation.

¶ 10       We find support for our decision in *Mitchell v. United States*, 526 U.S. 314 (1999). In *Mitchell*, the United States Supreme Court held that a sentencing court imposes an impermissible burden on the exercise of a defendant's constitutional right against self-incrimination when it draws adverse inferences from a defendant's silence while determining facts relating to circumstances and details of the crime charged. *Id.* The Court stated "there can be little doubt that the rule prohibiting an inference of guilt from a defendant's rightful silence has become an essential feature of our legal tradition." *Id.* at 330. The Court held that incrimination is not complete until a sentence has been fixed and the judgment of conviction has become final. *Id.* Therefore, a defendant maintains his fifth amendment right against self-incrimination throughout a sentencing hearing, and the court is prohibited from drawing an adverse inference from a defendant's silence regarding the circumstances and details of the crime charged. *Id.* Cases following *Mitchell* have expressed a limitation on defendant's right to silence at a sentencing hearing; however, a defendant's right to silence regarding the circumstances and details of the crime charged remains intact. See *State v. Blunt*, 71 P.3d 657 (Wash. Ct. App. 2003).

¶ 11       The facts of *Mitchell* are instructive to the present case. There, the defendant pled guilty to drug charges. At the sentencing hearing, the State produced evidence regarding the quantity of drugs the defendant had possessed. The defendant remained silent and offered no evidence. The trial court ruled that as a consequence of the defendant's guilty plea, she had

waived her right to silence with regard to her crime's details. It therefore used the defendant's silence as a factor in relying on the State's evidence. In reversing the lower court's decision, the Supreme Court noted that the quantity of drugs possessed by the defendant was a detail of the crime charged and that, in using the defendant's silence as a factor in determining a stiffer penalty, the trial court drew an impermissible adverse inference from her silence.

¶ 12    Similarly, defendant here was silent with regard to the details of his crime. See 730 ILCS 5/5-9-1.1(a) (West 2008) (street value fine is determined by the amount seized and the current street value of the controlled substance seized). Because those details would result in a fine against defendant, they adversely affected him–similar to the longer sentence in *Mitchell*. If we were to construe defendant's silence as a stipulation, we would be drawing the same sort of adverse inference condemned in *Mitchell*. Therefore, we hold that until the judgment of conviction against defendant became final, his silence on matters relating to the street value of the drugs could not be construed as a stipulation to the amount.

¶ 13    We further note that finding a stipulation in this case would violate the established law of stipulations. A stipulation is an agreement between parties or their attorneys with respect to an issue before the court. *People v. Woods*, 214 Ill. 2d 455 (2005). Similar to a contract, a stipulation is interpreted according to the parties' intent. *People v. One 1999 Lexus, VIN JT8BH68X2X0018305*, 367 Ill. App. 3d 687 (2006). Therefore, to be enforceable, a stipulation must be clear, certain, and definite in its material provisions. *West v. H.P.H., Inc.*, 231 Ill. App. 3d 1 (1992). Further, it is essential that the stipulation be assented to by the parties or those representing them. *Village of Schaumburg v. Franberg*, 99 Ill. App. 3d 1 (1981). We can only find a stipulation where it is clear that both parties intended to stipulate to a fact. *Woods*, 214 Ill. 2d 455.

¶ 14    Importantly, in this case the only evidence of intent to stipulate that the State can point to is defendant's silence. Without more, we cannot infer that defendant meant to be bound to the State's opinion regarding the street value fine. To hold otherwise would run afoul of the general law of stipulations.

¶ 15    Here, the trial court heard no evidence of the proper street value, and, as we have determined, defendant's silence cannot constitute a stipulation. Therefore, we must conclude that the court erred when it assessed a $600 street value fine against defendant. See *Lewis*, 234 Ill. 2d 32. The cause is remanded for a proper determination of the street value fine. The remainder of defendant's conviction and sentence is affirmed.

¶ 16                                    CONCLUSION

¶ 17    The judgment of the circuit court of Will County is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

¶ 18    Affirmed in part and reversed in part; cause remanded.