# Illinois Official Reports

## Appellate Court

---

### *People v. Rodriguez*, 2018 IL App (3d) 160440

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAMIRO RODRIGUEZ III, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0440 |
| Filed | November 14, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-CF-581; the Hon. David M. Carlson, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and James Wozniak, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Justice Holdridge concurred in the judgment and opinion.<br>Justice Schmidt dissented, with opinion. |

¶ 1      Defendant, Ramiro Rodriguez III, pled guilty to unlawful possession of a controlled substance with intent to deliver. On appeal, he argues the circuit court erroneously imposed a $1000 street value fine as part of his sentence. We vacate the fine and remand for an evidentiary hearing on the street value of the controlled substance.

¶ 2      FACTS

¶ 3      On November 12, 2015, defendant pled guilty to unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2014)). As a factual basis, the State averred that officers executing a search warrant found defendant in possession of more than "one gram but less than 15 grams of cocaine." The circuit court sentenced defendant to a term of nine years' imprisonment. In a corresponding written order, the court also imposed a number of monetary assessments. These assessments included a $1000 "Street Value Fine."

¶ 4      ANALYSIS

¶ 5      On appeal, defendant contends the imposition of the street value fine was error and should be vacated because no evidence was introduced regarding the street value of the cocaine he possessed. The State concedes that the record contains no evidence concerning the street value of the cocaine and agrees the assessment should be vacated.[1] The State argues, however, that this court should remand the matter for an evidentiary hearing and reimposition of the fine.

¶ 6      Section 5-9-1.1(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-9-1.1(a) (West 2014)) provides that a fine of not less than the street value of any seized controlled substance shall be imposed where a person is convicted under the Illinois Controlled Substances Act (720 ILCS 570/410 (West 2014)). The same section of the Code explains that

> " 'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the cannabis or controlled substance seized." 730 ILCS 5/5-9-1.1(a)

The imposition of a street value fine without any evidentiary basis on the record requires a reviewing court to vacate that street value fine. *People v. Lewis*, 234 Ill. 2d 32, 49 (2009). We therefore accept the State's concession and vacate defendant's street value fine.

¶ 7      Next, the State correctly points out that, in *Lewis*, our supreme court not only vacated the fine but remanded the matter for an evidentiary hearing and imposition of a new fine. See *id.* Defendant notes that *Lewis* was decided prior to *People v. Castleberry*, 2015 IL 116916. Citing both *Castleberry* and this court's decision in *People v. Wade*, 2016 IL App (3d) 150417, ¶¶ 11-13, defendant argues that a reviewing court may not properly remand for the imposition of vacated but mandatory fines.

¶ 8      *Wade* has no bearing on this case for two reasons. First, the fines at issue in *Wade* were imposed by the circuit clerk, not the trial judge. *Wade*, 2016 IL App (3d) 150417, ¶ 5. Here,

---

[1]The State also concedes that the issue is reviewable.

the street value fine was not imposed by the clerk but was properly ordered by the trial court. There is no disputing the judge in this case had both the necessary jurisdiction and proper statutory authority to impose a street value fine. Following the abolition of the void sentence rule, the fine imposed by the judge, but erroneously calculated by the court, is not void like the fines imposed by the clerk in *Wade*, but merely voidable. See *Castleberry*, 2015 IL 116916, ¶ 11.

¶ 9 Second, our supreme court's holding in *People v. Vara*, 2018 IL 121823, ¶ 23, decided after *Wade*, changed the landscape by holding our reviewing court lacks jurisdiction to even review clerical errors as our court did in *Wade*. Following the holding in *Vara*, it is questionable whether *Wade* is of any precedential value at this time.

¶ 10 In any event, the street value fine in this case was explicitly ordered by the trial court and authorized by statute. The trial court's error was linked to the court's arbitrary methodology for selecting the value of the contraband on the street without a prior evidentiary hearing supporting the amount assessed by the court.

¶ 11 The dissent argues remand in this case is not appropriate. However, many courts have adopted an approach of remanding erroneously calculated street value fines to the trial court with directions for the trial court to conduct an evidentiary hearing on the correct amount for the street value. The courts consistently adopting the approach since 1991 include (1) our supreme court, (2) this reviewing court, and (3) every other district of the appellate court. *Lewis*, 234 Ill. 2d at 49; *People v Nelson*, 2013 IL App (3d) 110581, ¶ 7; *People v. Tyson*, 221 Ill. App. 3d 256, 259 (3d Dist. 1991); *People v. Gonzalez*, 316 Ill. App. 3d 354, 366 (1st Dist. 2000); *People v. Otero*, 263 Ill. App. 3d 282, 287 (2d Dist. 1994); *People v. Spencer*, 347 Ill. App. 3d 483, 488, 492 (5th Dist. 2004); see also *People v. Watkins*, 387 Ill. App. 3d 764, 767 (3d Dist. 2009) (modifying street value fine on appeal based on evidence adduced at trial).

¶ 12 For the reason stated below, we are not willing to adopt a universal approach to set aside a street value fine without remand, as the dissent suggests. Such an approach would eliminate a valuable source of direct funding for law enforcement agencies and local government that is not dependent on the state budget. The street value fine bypasses the state's budgetary process and is distributed directly by the circuit clerk to local law enforcement agencies and county government. For example, at least 87½% of the proceeds from a street value fine remain local. Significantly, at least 50% of the street value fine is distributed directly to the local law enforcement agency or agencies that took part in the seizure. 730 ILCS 5/5-9-1.2(b), (c) (West 2014). Similarly, 12½% of the fine proceeds are deposited in the state's Youth Drug Abuse Prevention Fund. *Id.* § 5-9-1.2(a). Finally, any amounts remaining after these two allocations will be deposited into the county's general fund. *Id*. § 5-9-1.2(b).

¶ 13 Accordingly, based on longstanding precedent originating in our supreme court, we vacate the street value fine as incorrectly calculated by the circuit court and remand the matter for an evidentiary hearing on the correct street value for the seized narcotics in this case and impose a street value fine not exceeding the original $1000 fine.

¶ 14 CONCLUSION

¶ 15 The judgment of the circuit court of Will County is vacated, and the matter is remanded with directions.

¶ 16    Vacated and remanded with directions.

¶ 17    JUSTICE SCHMIDT, dissenting:

¶ 18    We should simply vacate the street value fine and move on to the next case. See Ill. S. Ct. R. 615(b)(1), (b)(4) (eff. Jan. 1, 1967). Because there are myriad reasons to not remand the case, I respectfully dissent.

¶ 19    The double jeopardy clause prevents a defendant from being retried after a reviewing court has found the evidence against him insufficient to sustain a criminal conviction. *E.g.*, *Tibbs v. Florida*, 457 U.S. 31, 41 (1982). Agreed, the double jeopardy clause generally does not apply at sentencing. *People v. Levin*, 157 Ill. 2d 138, 144 (1993).

¶ 20    We have the discretion *not* to remand the case, and with the principles underlying the double jeopardy clause in mind, remand here seems offensive to legal sensibilities. The Code requires the State to prove the precise amount of a controlled substance seized as well as the street value of that amount before the street value fine may be imposed. 730 ILCS 5/5-9-1.1(a) (West 2014). The State addressed the court on two relevant occasions, once in delivering the factual basis for defendant's plea, then again 17 days later at sentencing. Neither time did the State offer any of the requisite evidence for the imposition of a street value fine. The majority insists that we should remand the matter so that the State may try again—or, more accurately, try for the first time. Such a result would be intolerable in the trial context; the majority offers no reason why remanding for a second chance here is any more palatable. It is not the duty of the appellate court to rescue the prosecution from its own errors.

¶ 21    Imagine, if you will, a fine-only case where, on appeal, the only argument was that at trial the State failed to prove one or more elements necessary for imposition of the fine. The appellate court agrees. Remand to give the State another chance to introduce sufficient evidence? No! Not even in the Twilight Zone. While this case is technically different, it seems close enough to consider the same principles.

¶ 22    To further illustrate the irrationality of this result, consider the street value fine from the perspective of the circuit court. The court presumably knew that defendant would be eligible for a street value fine, yet it had not received any evidence regarding the value of the controlled substance seized. Surely, the proper course of action in such a situation is to simply not impose the street value fine, for lack of any evidentiary basis to do so. Instead, the court here, in the majority's words, arbitrarily selected a figure of $1000 for the street value fine. *Supra* ¶ 10. While the majority seems to condemn this tactic, remand for an evidentiary hearing and reimposition of the fine actually serves to reinforce it. A court in this situation might as well make up a number for the street value fine; the worst that can happen, apparently, is that the case gets remanded and a new fine imposed.

¶ 23    Not only does remanding in this situation push the circuit court to impose an arbitrarily calculated fine, it encourages the court to set that arbitrary number quite high. As the majority has held here, the court on remand is limited to setting the new street value fine at an amount less than or equal to $1000, so that defendant does not incur a larger sentence following remand.[2] *Supra* ¶ 13. Thus, the court choosing a number out of thin air in the

_____

[2]I am not sure if that is correct, but it matters not to the main thrust of my analysis. If the majority is correct and if the actual street value exceeds $1000, then the majority is telling the trial court to violate

- 4 -

absence of actual evidence should aim high, so as to not be constrained in the case of a remand.

¶ 24 Not least among the practical reasons for not remanding this or similar cases is the logistical reality that a remand creates. After a remand, sheriff's deputies or corrections officers will be tasked with transporting defendant from Sheridan Correctional Center to the Will County courthouse, then back to Sheridan Correctional Center. In between, defendant will sit through a presumably uncontested evidentiary hearing to determine a fine that is unlikely to ever be paid. Defendant's journey, of course, will be funded by the taxpayers. Furthermore, deputies/corrections officers will continue to transport all types of felons across the state to similar hearings. Each such journey provides the convicted felon the opportunity to attempt an escape, or worse. If these deputies/corrections officers are to put their lives on the line to transport convicted criminals, the least we can ask is that there be a good reason for it. Saving the State from its own mistakes for the remote possibility of collecting a modest fine is not a good reason.

¶ 25 I recognize that on similar facts, the supreme court in *Lewis*, 234 Ill. 2d 32, vacated the street value fine and remanded to the trial court for a new hearing. That was in 2009. A lot has changed since then, the courts' budgets not being the least. The cost of remand will no doubt greatly exceed any benefit to the State. It may be time to rethink *Lewis*. There seems to be no reason to give the State a second chance to prove the elements necessary for imposition of a street value fine. This is not a case where the trial court "miscalculated" the street value fine. Rather, the court assessed the fine in the total absence of any evidence. For these reasons, I believe a remand constitutes an abuse of this court's discretion.

the law by setting the street value fine below that amount required by statute. Do we have the authority to tell the circuit court to ignore the law?