THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDALL J. VAUGHN, Defendant-Appellant.

Fourth District   No. 4—97—1016

Opinion filed November 25, 1998.

COOK, J., dissenting.

Daniel D. Yuhas and John M. McCarthy, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1996, defendant, Randall J. Vaughn, pleaded guilty pursuant to a plea agreement in case No. 95—CF—569 to possession of a controlled substance (less than 15 grams of a substance containing cocaine) (720 ILCS 570/402(c) (West 1994)) and he was sentenced to 30 months' probation. Earlier during that same January 1996 proceeding and pursuant to the same plea agreement, defendant also pleaded guilty to aggravated battery and two counts of criminal sexual abuse. All of these charges arose in unrelated cases. The trial court sentenced defendant to 2½ years in prison on the aggravated battery conviction and 364 days in jail on each of the criminal sexual abuse convictions and ordered all of these sentences to run concurrently. The court then ordered defendant's sentence of probation in case No. 95—CF—569 to be served consecutively—that is, after defendant was released from prison on the other sentences.

In September 1997, the trial court found that defendant had violated a condition of probation and ordered his probation revoked. The court later sentenced him to an extended term of six years in prison and ordered defendant to pay for the services of his court-appointed counsel.

Defendant appeals, arguing that (1) his extended-term sentence is void because it is not authorized by law; and (2) the order directing defendant to pay for the services of his court-appointed counsel must

be vacated and remanded because the trial court did not conduct the statutorily required hearing. We disagree with defendant's first argument but agree with his second. Thus, we affirm in part, vacate in part, and remand with directions.

## I. BACKGROUND

On January 25, 1996, defendant pleaded guilty to count I in case No. 95—CF—331, charging him with aggravated battery (720 ILCS 5/12—4(b)(8) (West 1994)), count II in case No. 95—CF—401, charging him with criminal sexual abuse (720 ILCS 5/12—15(c) (West 1994)), and count I in case No. 95—CM—429, also charging him with criminal sexual abuse (720 ILCS 5/12—15(c) (West 1994)). The trial court sentenced him to 2½ years on the aggravated battery conviction, which is a Class 3 felony (720 ILCS 5/12—4(e) (West 1994)), and to 364 days in jail on each of the criminal sexual abuse convictions, which are Class A misdemeanors (720 ILCS 5/12—15(d) (West 1994)). The court ordered each of these sentences to run concurrently with the others.

During the same proceeding on January 25, 1996, and as part of the same plea agreement, defendant also pleaded guilty to count I of the charge in the present case, No. 95—CF—569, charging him with possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 1994)). During the guilty plea proceedings, the trial court admonished defendant regarding both consecutive and extended-term sentences. Specifically, the court informed defendant that, according to the plea agreement, (1) he was to be sentenced to probation on the drug conviction, and (2) his probationary sentence would run consecutively to the prison and jail sentences in the other three cases—that is, he would have to serve his probationary sentence once he was released from prison. See *People v. Wendt*, 163 Ill. 2d 346, 352, 645 N.E.2d 179, 182 (1994) (in which the supreme court held that a sentence of probation may be imposed consecutively to a prison sentence when the crimes underlying the convictions are unrelated. The court also explained to defendant that on his conviction in the drug case, he could be sentenced to an extended-term sentence of three to six years).

After carefully admonishing defendant regarding his understanding of the rights he was giving up and his willingness to do so, the trial court accepted his offers to plead guilty to all these charges. The court also specifically stated for the record that it was taking defendant's guilty plea on the aggravated battery conviction first so that defendant's conviction of possession of a controlled substance would be deemed the second conviction. As an additional precaution-

ary step, the court accepted defendant's guilty pleas to aggravated battery and criminal sexual abuse and sentenced him for those crimes before the court sentenced defendant to probation for possession of a controlled substance.

Defendant was released from prison in March 1997, and shortly thereafter his probationary period started. In June 1997, the State filed a petition to revoke defendant's probation, alleging that he had violated a condition thereof by using cannabis. The trial court later conducted a hearing on that petition, found in the State's favor, and ordered defendant's probation revoked. In October 1997, the court resentenced defendant to an extended term of six years in prison. This appeal followed.

## II. ANALYSIS

### A. The Extended-Term Sentence

Defendant first argues that the trial court erred when it sentenced him to an extended term of six years in prison after it revoked his probation for possession of a controlled substance. Specifically, defendant contends that the extended-term sentence was void because it was based upon his having been previously convicted of aggravated battery, but that conviction occurred during the same proceeding in which he was convicted of possession of a controlled substance. We disagree.

■ The trial court found defendant eligible for an extended-term sentence pursuant to the provisions of section 5—5—3.2(b)(1) of the Unified Code of Corrections (Unified Code), which provides as follows:

"The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender:

(1) *When a defendant is convicted of any felony, after having been previously convicted* in Illinois or any other jurisdiction *of the same or similar class felony or greater class felony*, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, *and such charges are separately brought and tried and arise out of different series of acts.*" (Emphasis added.) 730 ILCS 5/5—5—3.2(b)(1) (West 1994).

Thus, as the supreme court recently explained, "a defendant is eligible for an extended-term sentence when he is convicted of any felony where that defendant has previously been convicted of the same or greater class felony." *People v. Olivo*, 183 Ill. 2d 339, 340, 701 N.E.2d 511, 512 (1998). Accordingly, defendant in the present case is eligible for an extended-term sentence only if his aggravated battery convic-

tion fits within the definition of a previous felony conviction for a charge that was separately brought and tried and arose out of different series of acts, within the meaning of section 5—8—2(b)(1) of the Unified Code. We hold that it does.

■ Section 5—5—3.2(b)(1) of the Unified Code speaks of a defendant "having been previously convicted" of the same or greater class felony. 730 ILCS 5/5—5—3.2(b)(1) (West 1994). Section 5—1—5 of the Code defines "conviction" as meaning "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense." 730 ILCS 5/5—1—5 (West 1994). Thus, in the present case, defendant stood "convicted" of aggravated battery (which was the greater class felony within the meaning of section 5—5—3.2(b)(1) of the Code) because the trial court had accepted his guilty plea to that offense and sentenced him upon it *before* the court concluded the guilty plea proceeding and sentenced defendant upon his conviction of possession of a controlled substance. As we noted earlier, this sequence of events was no inadvertence; instead, the court explicitly proceeded in this fashion for the specific purpose of rendering defendant eligible for an extended-term sentence in the event he subsequently violated a condition of his probation for possession of a controlled substance.

In support of our conclusion that the sequence of events in this case rendered defendant eligible for an extended-term sentence—even though that sequence shows the defendant had "been previously convicted" of the earlier felony only by minutes—we note that the legislature has demonstrated the ability to impose specific timing requirements when it wishes to do so. Article 33B, dealing with habitual criminals, was added to the Criminal Code of 1961 (Criminal Code) when the legislature enacted Public Act 80—1099 (Pub. Act 80—1099, § 1 eff. February 1, 1978 (1977 Ill. Laws 3264, 3269-70)), Governor Thompson's famous "Class X package," effective February 1, 1978. Ill. Rev. Stat., 1978 Supp., ch. 38, art. 33B. Section 33B—1(a) of the Criminal Code provided that those who had been twice convicted in Illinois of the most serious crimes of violence shall, upon the third such conviction, "be adjudged a habitual criminal and be imprisoned in the penitentiary for life." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33B—1(a)). However, section 33B—1(c) limited the application of the habitual criminal article as follows:

"(c) This Article shall not apply unless (1) the first felony was committed after the effective date of this Act; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33B—1(c).

The "Class X package" was designed to be a comprehensive revision of Illinois criminal law with the goal, in part, of strengthening the powers of the trial courts to deal with repeat or violent criminals. This commendable revision gave trial courts the authority to impose life sentences upon habitual criminals or extended-term sentences upon those convicted of multiple crimes. As part of the same "Class X package," the legislature enacted section 5—5—3.2(b)(1), the extended-term provision at issue in this case. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b)(1). That section, as originally enacted, contains substantially the same language as the current version does. 730 ILCS 5/5—5—3.2(b)(1) (West 1994). We find it significant that the legislature, when engaging in a substantial overhaul of the criminal law of this state, chose to include the timing restraints present in section 33B—1(c) of the Criminal Code but did not include those same restraints in section 5—5—3.2(b)(1) of the Unified Code. Because we conclude that this difference between these two statutory provisions is not inadvertent, we decline to add timing restrictions to section 5—5—3.2(b)(1) by judicial fiat.

We also reject defendant's argument that his aggravated battery conviction may not be used as a prior conviction for purposes of the extended-term statute because it was not "separately brought and tried [nor did it] arise out of different series of acts." 730 ILCS 5/5—5—3.2(b)(1) (West 1994). Clearly, the aggravated battery charge was entirely unrelated to—and arose out of a different series of acts from—defendant's charge for possession of a controlled substance. Further, those charges were "separately brought and tried" within the meaning of section 5—5—3.2(a)(1) of the Unified Code because (1) no trial occurred regarding either; and (2) the guilty plea proceedings regarding the two charges were combined simply as a matter of judicial efficiency.

The parties in this case clearly intended, by the plea agreement they reached, that defendant would plead guilty to possession of a controlled substance and be subject to an extended-term sentence if he violated his conditions of probation. To hold that the proceedings in this case were not appropriate to accomplish that purpose would require the trial court to adjourn the first guilty plea proceedings, during which it accepted defendant's guilty pleas to aggravated battery and criminal sexual abuse, and then state for the record it had begun anew guilty plea proceedings regarding the possession of a controlled substance charge against defendant. Such a requirement would make no sense and could not be what the legislature intended by the language it used in section 5—5—3.2(b)(1) of the Unified Code.

## B. The Defendant's Payment Order

Last, defendant argues that the trial court erred by ordering him to pay for the services of his court-appointed counsel without first conducting the statutorily required hearing that must precede such an order. 725 ILCS 5/113—3.1(a) (West 1996). The State concedes this point and the applicability of the case defendant relies upon, *People v. Love*, 177 Ill. 2d 550, 687 N.E.2d 32 (1997). We accept the State's concession and agree with defendant's argument. Accordingly, we vacate the order for reimbursement of attorney fees and remand for a new hearing on that issue. See *People v. Johnson*, 297 Ill. App. 3d 163, 164-65, 696 N.E.2d 1269, 1270 (1998) (for a further description of what the statutorily required hearing under section 113—3.1(a) of the Code of Criminal Procedure of 1963 requires).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment in all respects, except that we vacate the order for payment for court-appointed counsel and remand with directions.

Affirmed in part and vacated in part; cause remanded with directions.

GREEN, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent. I do not read section 5—5—3.2(b)(1) of the Unified Code to provide for extended-term sentences when defendant is convicted of two offenses at the same hearing.