THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JON T. WITTE, Defendant-Appellant.

Fourth District   No. 4—99—0780

Opinion filed December 21, 2000.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles M. Feeney, State's Attorney, of Eureka (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In April 1998, defendant, Jon T. Witte, pleaded guilty to two counts of deceptive practices (720 ILCS 5/17—1(B)(d) (West 1996)), in two separate cases, and the trial court sentenced him to 30 days' probation, subject to various conditions. In December 1998, the State filed a petition to revoke defendant's probation, and in March 1999, the court resentenced him to 30 months' probation with the condition that he serve 180 days in county jail. In April 1999, the State filed a second petition to revoke defendant's probation, and in August 1999, the court granted that petition and resentenced defendant to two concurrent extended-term sentences of four years in prison.

Defendant appeals, arguing that the trial court erred by (1) ordering him to pay $2,900 in restitution absent proof that the victims incurred $2,900 in losses, (2) imposing extended-term sentences when he was not eligible for extended terms when he was originally sentenced in April 1998, (3) ordering him to pay a $100 public defender fee, (4) awarding him only 16 days' sentence credit for time he served in periodic imprisonment when he was entitled to 52, and (5) not awarding him sentence credit for 275 days that he served in home confinement. We agree with defendant's second, third, and fourth arguments. Accordingly, we affirm in part, vacate in part, and remand with directions.

## I. BACKGROUND

On April 8, 1998, defendant pleaded guilty to two charges of deceptive practices (720 ILCS 5/17—1(B)(d) (West 1996)) for acts he committed in September and October 1997. In case No. 97—CF—133, de-

fendant was charged with deceptive practices for delivering a $500 check to the Minonk State Bank (Minonk), signed by defendant and drawn on Commerce Bank, knowing that the check would not be paid by the depository. In case No. 97—CF—145, defendant was charged with deceptive practices for delivering a $300 check to First Financial Bank (First Financial), signed by defendant and drawn on Commerce Bank knowing that the check would not be paid by the depository. The State dismissed two additional deceptive practices charges pursuant to the plea agreement.

Also pursuant to the plea agreement, the trial court sentenced defendant to 30 months' probation and imposed various conditions, including that defendant do the following: (1) serve 16 days' periodic time (8 weekends) in county jail, (2) serve 9 months in home confinement, (3) pay $2,900 in restitution to Minonk and First Financial, and (4) pay $874 in costs.

In December 1998, the State filed a petition to revoke defendant's probation, alleging that he violated probation by using cocaine on two separate occasions. In February 1999, defendant admitted one of the allegations, and in March 1999, the trial court resentenced him to 30 months' probation with the condition that he serve 180 days in the county jail, beginning June 26, 2001.

In April 1999, the State filed another petition to revoke defendant's probation, alleging that he used cocaine in April 1999. Following a July 1999 hearing, the trial court found in the State's favor on the petition. In August 1999, the court held a sentencing hearing and, after concluding that probation was no longer appropriate, sentenced defendant to two concurrent extended terms of four years in prison pursuant to section 5—5—3.2(b)(1) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3.2(b)(1) (West 1998)). The court also (1) awarded defendant 16 days of sentence credit, (2) ordered him to pay restitution in the amount previously ordered, and (3) ordered him to pay a $100 fee for the services of his court-appointed counsel.

In September 1999, defendant filed a motion to reconsider sentence, arguing that the trial court erred by imposing extended-term sentences because he was not eligible for an extended term when he was originally sentenced. Specifically, defendant argued that the April 20, 1998, Peoria County and May 22, 1998, La Salle County deceptive practices convictions upon which the court based his eligibility for an extended term could not be considered prior convictions because they occurred after the April 8, 1998, conviction for which he was being sentenced.

After a September 1999 hearing, the trial court denied defendant's motion to reconsider sentence. Specifically, the court found that

defendant's Peoria and La Salle County convictions constituted a valid basis for imposing extended-term sentences because they occurred prior to (and within 10 years of) defendant's August 1999 resentencing. This appeal followed.

## II. ANALYSIS

### A. The Restitution Order

Defendant first argues that the trial court's order that he pay $2,900 in restitution must be vacated because the State did not prove that the payees, Minonk and First Financial, incurred losses of $2,900 attributable to his conduct. The State counters that defendant has forfeited this issue by failing to (1) object to the restitution order at the resentencing hearing, and (2) raise the issue in his motion to reconsider sentence. See *People v. Bronson*, 216 Ill. App. 3d 839, 842, 576 N.E.2d 449, 451 (1991). We agree with the State.

■ Supreme Court Rule 604(d), in pertinent part, states: "Upon appeal[,] any issue not raised by the defendant in the motion to reconsider the sentence *** shall be deemed waived." 145 Ill. 2d R. 604(d). Accordingly, defendant has forfeited the right to appeal the trial court's restitution order.

Defendant repeatedly asserts that the mathematical basis for the $2,900 figure does not appear in the record. Had defendant made his objection to the restitution order on the record in the trial court, the record would likely contain some information upon which this court could have conducted a meaningful review.

### B. The Extended-Term Sentence

Defendant next argues that the trial court erred by sentencing him to extended terms because he was not eligible for extended terms when he was initially sentenced. We agree.

■ Section 5—6—4(e) of the Unified Code, in pertinent part, states:
> "If the court finds that the offender has violated a condition [of probation] at any time prior to the expiration or termination of the period, it may *** impose any other sentence that was available under [s]ection 5—5—3 [of the Unified Code] at the time of initial sentencing ***." 730 ILCS 5/5—6—4(e) (West 1998).

Pursuant to section 5—5—3.2(b)(1) of the Unified Code, a trial court may impose an extended-term sentence under the following condition:
> "When a defendant is convicted of any felony, after having been previously convicted *** of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts[.]" 730 ILCS 5/5—5—3.2(b)(1) (West 1998).

When defendant was originally sentenced, on April 8, 1998, the parties stipulated that defendant had one prior misdemeanor conviction. Deceptive practices is a Class 4 felony. Therefore, when defendant was initially sentenced, he was not eligible for an extended-term sentence under section 5—5—3.2(b)(1) of the Unified Code.

■ The State nonetheless argues that, pursuant to *People v. Lemons*, 191 Ill. 2d 155, 729 N.E.2d 489 (2000), resentencing upon revocation of probation gives rise to a new "conviction date." Thus, according to the State, defendant's conviction date for the two instant deceptive practices convictions was August 13, 1999, and therefore his April 20 and May 22, 1998, convictions could provide the basis for an extended term pursuant to section 5—5—3.2(b)(1) of the Unified Code. We reject the State's argument for the following reasons.

When interpreting a legislative enactment, the act is to be considered as a whole and any interpretation of one section that would render another section meaningless or superfluous is disfavored. *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 270, 695 N.E.2d 481, 485 (1998). Were we to accept the State's position, the last clause of section 5—6—4(e) of the Unified Code, which expressly limits sentencing options upon revocation of probation to those that were available "at the time of initial sentencing," would be rendered meaningless. 730 ILCS 5/5—6—4(e) (West 1998). We therefore decline to interpret the Unified Code in the manner the State suggests.

Under Illinois law, sentence eligibility is frozen in time. Upon revocation of probation, trial courts can consider the crime that resulted in revocation of probation and the defendant's conduct during the probationary period only as evidence of the defendant's rehabilitative potential. *People v. Bedenkop*, 252 Ill. App. 3d 419, 424-25, 625 N.E.2d 123, 127 (1993). Thus, such conduct may be considered as an aggravating factor and may lead to a sentence more severe than that which the court would have initially imposed. *People v. Turner*, 233 Ill. App. 3d 449, 456-57, 599 N.E.2d 104, 110 (1992). The new sentence, however, cannot punish the defendant for anything other than the original underlying offense. See *Turner*, 233 Ill. App. 3d at 456, 599 N.E.2d at 110; *People v. Deskin*, 47 Ill. App. 3d 328, 330, 361 N.E.2d 1188, 1189 (1977) (trial court should not commingle matters relating to the original offense with the conduct that gave rise to the probation revocation). The State urges us to break with this precedent, but provides us with no sound common-law, statutory, or public policy argument for doing so.

In addition, the cases upon which the State relies, *Lemons* and *People v. Vaughn*, 301 Ill. App. 3d 242, 703 N.E.2d 916 (1998), do not apply here. In *Lemons*, the supreme court held that, for purposes of

determining whether a prior conviction had occurred within 10 years of the one for which the defendant was being sentenced, the prior conviction occurs when a final sentencing order is entered. When the prior conviction is one for which the defendant was initially sentenced to probation and probation was later revoked, the "final sentencing order" is the order entered upon revocation of probation, not the initial order of probation. *Lemons*, 191 Ill. 2d at 160, 729 N.E.2d at 492. Thus, the State argues, defendant's "conviction" occurred upon his resentencing, and his Peoria and La Salle County convictions were prior convictions that qualify him for extended-term sentences under section 5—5—3.2(b)(1) of the Unified Code.

This case, however, does not raise a *Lemons* issue. Pursuant to *Lemons*, if defendant is convicted of another Class 4 or greater felony at some point in the future, his conviction, for purposes of eligibility for an extended-term sentence under section 5—5—3.2(b)(1) of the Unified Code, will have occurred on August 13, 1999. *Lemons* does not require, or even suggest, that trial courts ignore section 5—6—4(e) of the Unified Code when resentencing defendants upon revocation of probation. Pursuant to section 5—6—4(e) of the Unified Code, at the August 1999 resentencing hearing, defendant was eligible for any sentence that he was eligible for at "the time of initial sentencing." 730 ILCS 5/5—6—4(e) (West 1998). The "conviction date" question raised in *Lemons* should only have come into play in the court's determining whether defendant's Peoria and La Salle County convictions had occurred before or after his initial sentencing date, April 8, 1998.

In *Vaughn*, the appellate court considered whether a conviction entered earlier in time but at the same proceeding could be construed as "prior" for purposes of imposing an extended-term sentence for the latter conviction pursuant to section 5—5—3.2(b)(1) of the Unified Code. *Vaughn*, 301 Ill. App. 3d at 245-47, 703 N.E.2d at 918-20. The State's brief does not make clear how *Vaughn* applies to the case at bar, and we conclude that it does not.

Our interpretation of the Unified Code is consistent with the accepted interpretation of a similar provision in the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1—1 *et seq*. (West 1998)). The wording of section 5—6—4(e) of the Unified Code is very similar to the wording of section 5—720(4) of the Juvenile Court Act. Section 5—720(4) of the Juvenile Court Act provides that, upon revoking a juvenile's probation, the trial court may "impose any other sentence that was available under [s]ection 5—710 at the time of the initial sentence." 705 ILCS 405/5—720(4) (West 1998). Accordingly, in *In re Tucker*, 45 Ill. App. 3d 728, 359 N.E.2d 1067 (1976), the appellate

court held that a juvenile could not be sentenced to a term in the Department of Corrections, Juvenile Division, upon revocation of his probation even though he was 13 years old at the time, because he was only 12, and therefore ineligible for such a term, when he was initially sentenced.

We hold that the trial court erred by sentencing defendant to extended terms because defendant was not eligible for such sentences when he was initially sentenced. 730 ILCS 5/5—6—4(e) (West 1998). We therefore remand to the trial court with directions to change the sentencing order to reflect two concurrent sentences of three years (the maximum sentence for a Class 4 felony) instead of four.

## C. Public Defender Fee

■ Defendant next argues that the trial court erred by ordering him to pay a $100 public defender fee without first holding a hearing to determine his ability to pay pursuant to section 113—3.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113—3.1(a) (West 1998)) and *People v. Love*, 177 Ill. 2d 550, 687 N.E.2d 32 (1997). The State concedes that the reimbursement order should be vacated and defendant's cause should be remanded for a section 113—3.1(a) hearing, and we accept the State's concession.

## D. Sentence Credit

Last, defendant argues that (1) he is entitled to an additional 36 days' sentence credit for the time he served in periodic imprisonment as a condition of probation; and (2) his cause should be remanded so that the trial court can determine whether he is entitled to sentence credit for time served in home detention.

■ The State concedes that defendant is entitled to 36 additional days' sentence credit for periodic imprisonment, pursuant to *People v. Gitchel*, 316 Ill. App. 3d 213, 214-15, 736 N.E.2d 645, 646-47 (2000). We accept the State's concession.

■ However, the State contests defendant's claim that he is entitled to credit for time served in home detention because, pursuant to section 5—8—7(b) of the Unified Code, credit for time served in home detention is discretionary, not mandatory, and defendant forfeited the right to such credit by failing to request it in the trial court. 730 ILCS 5/5—8—7(b) (West 1998). We agree.

Pursuant to section 5—8—7(b) of the Unified Code, a trial court "may" give credit to a defendant for time spent in home detention. 730 ILCS 5/5—8—7(b) (West 1998). Therefore, whether to grant such credit lies within the trial court's sound discretion. Accordingly, defendant has forfeited his right to appeal this issue by failing to raise it in the trial court. See *People v. Bacon*, 225 Ill. App. 3d 795, 796-97, 587 N.E.2d 606, 607-08 (1992).

## III. CONCLUSION

For the reasons stated, we (1) affirm the trial court's restitution order, (2) vacate defendant's sentence and remand with directions to change the sentencing order to reflect (a) two concurrent sentences of three years and (b) an additional 36 days' sentence credit, and (3) vacate the court's order to pay a $100 public defender fee and remand for a hearing on defendant's ability to pay.

Affirmed in part and vacated in part; cause remanded with directions.

McCULLOUGH and GARMAN, JJ., concur.