NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210636-U

NO. 4-21-0636

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 13, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| TIMOTHY J. CURTIN, | ) | No. 12CF56 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Because no reasonable argument could be made in support of this appeal, the appellate court grants a motion by the Office of the State Appellate Defender to withdraw from representing defendant.

¶ 2    Defendant, Timothy J. Curtin, appeals from a judgment in which the circuit court of Woodford County revoked his probation and sentenced him to two and a half years' imprisonment for unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2012)). (In some parts of the record, such as in the information and in the superseding indictment, defendant's last name is spelled "Curtain." In other parts of the record, such as in his amended notice of appeal, his last name is spelled "Curtin." In an affidavit of assets and liabilities, which, presumably, defendant personally filled out, his last name is spelled as "Curtin." Like the appellate brief, then, we will adopt the spelling given apparently by defendant's own hand, "Curtin"—although we note that, on its website, the Illinois Department of Corrections uses the spelling

"Curtain," as in "Timothy J. Curtain.") The Office of the State Appellate Defender (hereinafter, "appellate counsel") moves for permission to withdraw from representing defendant in this appeal, because appellate counsel sees no reasonable argument to make in support of this appeal. We notified defendant of his right to respond, by a certain date, to appellate counsel's motion and supporting memorandum. Defendant has not done so. We agree with appellate counsel's assessment of the merits of this appeal. Accordingly, we grant appellate counsel's motion to withdraw, and we affirm the judgment.

¶ 3                                    I. BACKGROUND

¶ 4        On September 5, 2012, defendant pleaded guilty to one count of unlawful possession of a controlled substance, which the indictment, amended by interlineation, identified as flouromethcathinone. See 720 ILCS 570/204(f)(4), 402(c) (West 2012).

¶ 5        On October 24, 2012, the circuit court sentenced defendant to 30 months of probation through the Treatment Alternative for Safe Communities (TASC) program. See 20 ILCS 301/40-5 (West 2012). He did not appeal that final judgment. See *People v. Lopez*, 129 Ill. App. 3d 488, 491 (1984) (observing that "[t]he final judgment in a criminal case is the sentence").

¶ 6        Subsequently, there were three probation revocation proceedings, all of which were resolved by defendant's admissions to most of the allegations in the State's petitions.

¶ 7        On May 13, 2016, defendant admitted three of the allegations the State made in its first petition to revoke his probation. Those three allegations were as follows. First, he changed his address without notifying his probation officer, and, consequently, his whereabouts were unknown. Second, during the period of January 1 to April 3, 2013, he consumed cannabis. Third, he failed to show up for drug and alcohol treatment.

¶ 8            On May 13, 2016, in the resentencing hearing, defense counsel requested another sentence of probation. In support of that request, he pointed out defendant's limited criminal history, his past military service, and his diagnoses of post-traumatic stress disorder, anxiety, depression, and attention-deficit/hyperactivity disorder. Defense counsel also noted that defendant had never received any substance abuse counseling. The circuit court sentenced defendant to 30 months of probation; confinement in the county jail for 120 days, with credit for 50 days; and 100 hours of public service work. Also, the court ordered him to refrain from alcohol and drugs, to stay out of bars, to complete any recommended treatment, and to maintain employment. Defendant did not appeal from that final judgment. See 730 ILCS 5/5-6-4(g) (West 2016) (providing that "[a] judgment revoking *** probation *** is a final appealable order").

¶ 9            On June 15, 2018, defendant admitted some of the allegations the State made in its second petition to revoke probation. Specifically, he admitted he had failed to (1) report to the probation officer during the period of August to December 2017 and (2) undergo drug testing during that period.

¶ 10           On July 19, 2018, in the resentencing hearing, defendant confided that he was a drug addict. He admitted using crack cocaine the previous week. He testified that twice, in 2016, he completed outpatient treatment. He explained that his failure to report to the probation office was due to his being homeless. Nevertheless, he assured the circuit court that his housing was now more stable, that he had been working for a month, and that he was motivated by his three children to obtain inpatient treatment. Warning defendant that, if he violated his probation again, he would go to prison, the court sentenced him to 30 months of probation, with 120 days of credit, and 100 hours of public service. Again, the court prohibited him from using alcohol or drugs or from going into bars. Also, the court ordered him to submit to drug-testing at least twice a month, obtain a

drug and alcohol evaluation within 60 days, complete any recommended treatment within a year, and maintain employment. Defendant did not appeal.

¶ 11        On November 2, 2020, the State filed a third petition to revoke defendant's probation. According to this third petition, defendant had violated his probation in four ways.

¶ 12        First, according to the petition, he had violated a directive of the probation office to report there on October 28, 2020. Paragraph 2 of the probation order that the circuit court entered on July 19, 2018, provided, "Defendant shall report, in person, to the Woodford County Probation Department immediately, and at any other time, place or manner as directed by the Probation Department."

¶ 13        Second, the State alleged that, on or about March 18, 2019, April 14, 2019, and June 8, 2020, defendant consumed cocaine. Paragraph 11 of the probation order forbade him to "possess, take, or become under the influence of any unlawful or unprescribed drug or substance."

¶ 14        Third, the State alleged that, on or about March 18 and April 14, 2019, defendant consumed cannabis.

¶ 15        Fourth, the State alleged that defendant had failed to complete the required 100 hours of public service. Paragraph 10 of the probation order required him to "perform 100 hours of public service" within one year.

¶ 16        On November 30, 2020, defendant appeared without an attorney. The circuit court recited to him the four allegations in the State's third petition to revoke probation. Defendant answered yes when the court asked him if he understood the allegations. The court then explained to him that if any of the four allegations were proven by a preponderance of the evidence, he could be resentenced on the charge of unlawful possession of a controlled substance, a Class 4 felony punishable by up to three years of imprisonment and a maximum fine of $25,000. Also, the court

- 4 -

informed him, he would have to serve one year of mandatory supervised release upon being released from prison. Alternatively, the court added, he could be sentenced to probation or conditional discharge, including jail time, fines, and conditions such as abstaining from drugs and alcohol. The court asked him if he understood the range of penalties. He answered yes. Next, the court informed defendant that he had the right to an attorney and that if he could not afford an attorney, the court would appoint an attorney for him, "and that would be without cost to you, potentially." The court asked defendant if he understood. He answered he did. The court asked him, "Do you wish to apply for the services of the public defense attorney, hire your own attorney, or represent yourself?" Defendant answered he would hire an attorney.

¶ 17 After some delays, defendant retained an attorney. On February 18, 2021, he appeared with his attorney. The prosecutor informed the circuit court that, by his understanding, defendant wished to admit the first three allegations of the third petition to revoke probation. If defendant admitted the first three allegations, the prosecutor said, the State would dismiss the fourth allegation. Defense counsel confirmed the prosecutor's understanding.

¶ 18 The circuit court admonished defendant regarding his proposed admissions to the three allegations, imparting to him all the information in Illinois Supreme Court Rule 402A(a)(1), (2), (3), (4), and (6) (eff. Nov. 1, 2003). As for Illinois Supreme Court Rule 402A(a)(5) (eff. Nov. 1, 2003), the court told him:

> "But if you admit these allegations, there won't be a hearing of any kind, so by admitting these allegations you give up your right to a hearing, you give up your right to confront the witnesses against you. Do you understand this?

Defendant affirmatively stated he understood.

¶ 19        After ascertaining from defendant that no one had induced him, by any threats or promises, to admit the three allegations (other than the State's promise to dismiss the fourth allegation), the circuit court heard a factual basis. The court then found a knowing and voluntary admission by defendant of the first three allegations of the State's third petition to revoke probation. On the State's motion, the court dismissed the remaining, fourth allegation. The court ordered a presentence investigation.

¶ 20        On July 8, 2021, the circuit court held a resentencing hearing, in which the court sentenced defendant to imprisonment for two and a half years, to be followed by a year of mandatory supervised release. According to the website of the Illinois Department of Corrections, defendant is now on mandatory supervised release, from which he will be discharged in January 2023—assuming, as seems likely, that he is the "Timothy J. Curtain" listed in the "Individuals in Custody" database. See *People v. Ware*, 2014 IL App (1st) 120485, ¶ 29 (holding that the appellate court may take judicial notice of information on the official website of the Illinois Department of Corrections).

¶ 21        On October 28, 2021, the circuit court denied a motion by defendant to reduce his sentence.

¶ 22        According to defendant's amended notice of appeal, which we granted him permission to file, he appeals from the circuit court's order of October 28, 2021.

¶ 23                                    II. ANALYSIS

¶ 24        We agree with appellate counsel that no reasonable challenge can be made against the judgment of October 24, 2012, the judgment of May 13, 2016, or the judgment of July 19, 2018. We would lack jurisdiction to entertain any such challenges. See *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 8 (holding that, "[u]nless a notice of appeal is properly filed, a reviewing court

- 6 -

has no jurisdiction"); Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021) (providing that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion"). "When no direct appeal is taken from an order of probation and the time for appeal has expired, a reviewing court is precluded from reviewing the propriety of that order in an appeal from a subsequent revocation of that probation, unless the underlying judgment of conviction is void." (Internal quotation marks omitted.) *People v. Gregory*, 379 Ill. App. 3d 414, 418 (2008). As appellate counsel explains, a judgment is void only "where the judgment was entered by a court that lacked personal or subject-matter jurisdiction" or "where the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Price*, 2016 IL 118613, ¶ 31. No reasonable argument could be made that the judgments of October 24, 2012; May 13, 2016; and July 19, 2018, are void.

¶ 25 Therefore, the only orders that the amended notice of appeal brings before us are (1) the cited order of October 28, 2021, in which the circuit court denied defendant's motion to reduce his sentence and (2) any preliminary order that was "a step in the procedural progression leading" to the order of October 28, 2021. *People v. Jones*, 207 Ill. 2d 122, 138 (2003); see also *People v. Baldwin*, 2020 IL App (1st) 160496, ¶ 31; *People v. Garcia*, 2015 IL App (1st) 131180, ¶ 68. Essentially, then, we have jurisdiction to review the hearing of February 18, 2021, in which defendant admitted the first three allegations of the third petition (because without that revocation proceeding, there would have been no motion to reduce the new sentence and no corresponding denial from which defendant appeals in his amended notice of appeal). Additionally, we have jurisdiction to review the length of the prison sentence because, although defendant has been released from prison and is on mandatory supervised release, the length of the

prison sentence might affect how long he could be reimprisoned for violating the conditions of mandatory supervised release. See *People v. Jackson*, 199 Ill. 2d 286, 294 (2002).

¶ 26　　　　We agree with appellate counsel that no reasonable challenge could be made to the two-and-a-half-year prison sentence. A sentence that falls within the statutory range is reversible only for an abuse of discretion. See *People v. Coleman*, 166 Ill. 2d 247, 258 (1995). The offense to which defendant pleaded guilty, unlawful possession of a controlled substance, was a Class 4 felony (720 ILCS 570/402(c) (West 2012)), punishable by imprisonment for not less than one year and not more than three years (730 ILCS 5/5-4.5-45(a) (West 2012)). Defendant received a prison sentence within that range. Because defendant's repeated violations of probation arguably showed a lack of rehabilitative potential (see *People v. Witte*, 317 Ill. App. 3d 959, 963 (2000)), it would be untenable to characterize 2 1/2 years of imprisonment as an abuse of discretion.

¶ 27　　　　We turn, then, to the third revocation hearing. We raise a potential issue with the admonitions in that hearing. Illinois Supreme Court Rule 402A(a)(5) (eff. Nov. 1, 2003) provides as follows:

> "(a) Admonitions to Defendant. The court *shall not accept an admission to a violation*, *** without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:
>
> * * *
>
> > (5) that by admitting to a violation, *** there will not be a hearing on the petition to revoke probation, *** so that by admitting to a violation, *** the defendant waives the right to a hearing and the right to confront *and*

- 8 -

*cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf.*" (Emphases added.)

¶ 28  Now let us compare the transcript of February 18, 2021, to that requirement in Rule 402A(a)(5). The circuit court admonished defendant, "But if you admit these allegations, there won't be a hearing of any kind, so by admitting these allegations you give up your right to a hearing, you give up your right to confront the witnesses against you." Thus, the court admonished defendant that, by admitting to the allegations in the third petition to revoke his probation, he would give up (1) his right to a hearing and (2) his right to confront adverse witnesses. The court, however, did not admonish him that, additionally, he would give up "the right to *** cross-examine adverse witnesses" and "the right to present witnesses and evidence in his *** behalf." *Id.*

¶ 29  Rule 402A(a), however, requires only "substantial compliance" (Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003)), which case law defines as "an affirmative showing in the record that the defendant understood each of the required admonitions." (Internal quotation marks omitted.) *People v. Bailey*, 2021 IL App (1st) 190439, ¶ 27. In other words, the question is "whether, realistically, an ordinary person in defendant's position would have understood, from the earlier proceedings, that by admitting [allegations in] the third petition to revoke his probation, he was giving up his right to cross-examine his accusers" and to present witnesses and evidence in his behalf. *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004). Because no witnesses were cross-examined, and no evidence was presented, after defendant's admissions in the first and second revocation proceedings, it would be reasonable to infer his understanding that neither would those activities take place if he admitted allegations in the third petition to revoke his probation. Therefore, we accept appellate counsel's conclusion that there was substantial

compliance with Rule 402A(a)(5) (Ill. S. Ct. R. 402A(a)(5) (eff. Nov. 1, 2003)). See Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 30                                          III. CONCLUSION

¶ 31            For the reasons stated, we grant appellate counsel's motion to withdraw, and we affirm the circuit court's judgment.

¶ 32            Affirmed.